| Livingstone Worsted Company vs. Minnie A. Toop | W. C. A. No. 20 |

January 15, 1927

TANNER, P. J. The only question raised in this case is whether or not the deceased was an employee within the meaning of the Compensation Act.

The deceased had been employed as a foreman for over twenty years. At the time of his decease he was receiving $70 a week and had been receiving this sum since 1920. He received no extra pay for overtime work and his pay was not subject to deduction on account of temporary absences. The facts showed that he undoubtedly would have continued to be em-

ployed indefinitely in the same way had he not met with the accident.

The petitioner relies upon the case of O'Bannon Corporation vs. Walker, 46 R. I. at page 509. In that case the employee had only worked for the employer for about three months when he was injured and his employment would have continued for three weeks longer if he had not been injured, since the government contract with the corporation was cancelled at that time. The Court held that the workman was not an employee within the meaning of the Act. It appears to us that the decision was based mainly upon the fact that the workman was a mere temporary emergency employee and would not in any event have worked for a year so that it could not be determined that he did earn or would have earned the statutory amount for a year, and the fact that he was earning at the rate of that statutory amount was not sufficient.

We think the present case differs essentially from the facts in that case and is not governed by it. The workman in this case had had a very long employment, had earned more than the statutory amount for several years and there was every prospect that he would have continued to do so had he not been killed. We do not think that the Court in the O'Bannon case meant to lay down the rule that a man must have a contract for a year or more at more than the statutory rate to exclude him from the operation of the Act. Very few high salaried officers or employees have yearly contracts. The result, therefore, of such a construction would be that a large number of high salaried employees receiving much more than the statutory limit would come within the Act. We doubt if the legislature intended to limit the persons excluded by the Act to this extent. Kooster's Bakery vs. Ihrie, 127 Atl. 494.

Kelley's Dependents vs. Hoosac Lumber Co., 113 Atl. 818.

Hauter Cour D'Alene vs. Antimony Mining Co., 228 Pac. 259.

The petition is therefore denied.

For petitioner: Geo. H. Raymond and Wallace R. Chandler.

For respondent: Ralph T. Barnefield.